### YUNG v. HUBERT.

(Supreme Court, Appellate Term. November 12, 1909.)

EVIDENCE (§ 598*)—WEIGHT AND SUFFICIENCY—EFFECT OF CORROBORATION.

The uncorroborated testimony of one party, which is contradicted by that of the other party, who is corroborated by another witness, is not conclusive, though the testimony itself is not improbable, surprising, or suspicious.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2450–2452; Dec. Dig. § 598.*]

Appeal from City Court of New York.

Action by Charles Yung against Conrad Hubert. From a judgment for plaintiff on a verdict, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

George Hahn, for appellant.

Horwitz & Wiener (Frederick Wiener, of counsel), for respondent.

SEABURY, J. This action is upon a promissory note made by the defendant to the order of the plaintiff. The defense urged was that the note was given as a result of false representation.

The alleged false representation related to a device used in connection with an automobile tire, which the plaintiff is alleged to have represented as having been tested upon an automobile which had been driven a distance of over 1,500 miles. The defendant testified that this representation was made, and upon this point was corroborated by another witness. The plaintiff denied having made this representa-

tion. It was conceded that the automobile upon which the device was used had not been driven over 1,500 miles. After the jury had retired, they returned to the courtroom for instructions. The foreman of the jury then asked the court the following question:

"Where one witness claims a statement was made to him with reference to the number of miles this device had run, and another witness corroborates that fact as to that statement, if the only defense made to this statement is that the plaintiff did not state these facts, may more credence be given to the corroborated than the uncorroborated statement?"

To this question the court made the following reply:

"The rule of law applicable to that is that the uncorroborated statement of a witness is entitled to conclusiveness when it is not opposed to the probabilities, nor surprising or suspicious in its nature."

The defendant duly excepted to this part of the charge. It does not require extended discussion to show that this charge was incorrect, and, in view of the circumstances of the case prejudicial to the defendant. The uncorroborated statement of the plaintiff to an action, who is contradicted by the defendant, who was corroborated by another witness, is not conclusive, even though in itself the statement is not improbable, surprising, or suspicious.

The question as to whether the misrepresentation was made was the vital issue submitted to the jury for their determination. Against the evidence which the defendant offered to show that the representation was made, the plaintiff opposed his uncorroborated denial. The charge of the learned court below, under the circumstances recited, that such "uncorroborated statement" was "entitled to conclusiveness," if not improbable, surprising, or suspicious, was, we think, necessarily prejudicial to the rights of the defendant.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.